IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | | |
|---|---|---|
| In Re: ) | | Chapter 7 |
| ) | | |
| JOHN A. POPADIUK, ) | | Case No.: 19-33336 |
| Debtor. ) | | |

| | | |
|---|---|---|
| KIM MITHCELL; ROMMY HENLEY ) | | Adversary Proceeding |
| RAPHAEL ZILCH; EDWARD STOROZUK; ) | | |
| BRIAN SHERMAN; and JOE NEWHART ) | | |
| Plaintiff(s). ) | | |
| ) | | |
| v. ) | | No.: |
| ) | | |
| JOHN A. POPADIUK, indv. and d/b/a ) | | |
| ZIDWARE, INC. ) | | Hon. Carol A. Doyle |
| Defendant(s). | | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

NOW COME, the Plaintiffs, KIM MITHCELL; ROMMY HENLEY; RAPHAEL ZILCH; EDWARD STOROZUK; BRIAN SHERMAN; and JOE NEWHART, by and through counsel, Zane D. Smith & Associates, Ltd., pursuant to 11 U.S.C. § 523, 11 U.S.C § 727 and Rules 4004(d) and 7001(4) of the Federal Rules of Bankruptcy Procedure, and for its Complaint to Determine Dischargeabilty of Debts, states as follows:

**PARTIES**

1. Plaintiffs, KIM MITHCELL; ROMMY HENLEY; RAPHAEL ZILCH; EDWARD STOROZUK; BRIAN SHERMAN; and JOE NEWHART (hereinafter "Plaintiff"), are individuals residing in the State of Illinois. KIM MITHCELL; ROMMY HENLEY; RAPHAEL ZILCH; EDWARD STOROZUK; BRIAN SHERMAN; and JOE NEWHART are creditors in the above- captioned and consolidated bankruptcy case.

2. Defendant, JOHN A. POPADIUK (hereinafter "Defendant"), is an individual who resides in the State of Illinois. Defendant is a debtor in the above-captioned and consolidated bankruptcy case.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this complaint pursuant to 28 U.S.C. §§ 1334 and 157(b).

4. The Northern District of Illinois is the proper venue for this Complaint pursuant to 28 U.S.C. 1409(a).

5. This is a core proceeding pursuant to 28 UCS § 157(b)(2)(I) arising out of the Chapter 7 case of *In Re John A. Popadiuk, No. 19-33336, United States Bankruptcy Court, Northern District of Illinois, Eastern Division* (the "Bankruptcy").

## FACTUAL BACKGROUND

6. On or about May 7, 2015, Plaintiffs filed their Complaint against Defendant for willful, wanton and malicious conduct and breach of contract. *See Third-Amended Complaint filed September 22, 2015 attached as Exhibit "A."*

7. On or about April 30, 2018, after extensive discovery and bench-trial, a judgment was entered against JOHN A. POPADIUK, indv. and d/b/a ZIDWARE, INC. and ZIDWARE, INC., an Illinois Corporation. *See Judgment attached as Exhibit "B."*

8. On or about June 16, 2018, a Citation to Discover Assets was issued and served on Defendant. *See Citation and Affidavit of Service attached as Exhibit "C."*

9. On or about June 16, 2018, a Third-Party Citation to Discover Assets was issued and served on Deeproot Pinball, LLC. *See Citation and Affidavit of Service attached as Exhibit "D."*

10. On or about July 10, 2018, Deeproot Pinball, LLC. filed its Motion to Quash for lack of jurisdiction and attached an Affidavit of Robert Mueller. *See Affidavit attached as Exhibit "E."*

11. During this time, the Citation issued and served on Defendant had not been dismissed.

12. On or about September 11, 2018, Defendant and Robert Mueller on behalf of deeproot Tech, LLC. executed a Security Agreement. [SECURITY AGREEMENT TO BE PRODUCED FOR IN-CAMERA INSPECTION].

13. The Security Agreement attests to the following "Debtors … Secured Property … free and clear of any liens."

14. The Security Agreement also attests to "No third party has a contractual right to required Debtors to transfer any Secured Property."

15. Finally, within the Security Agreement, both Defendants and Robert Mueller agree that Secured Property is valued at $50,000.00.

16. As a result of the executed Security Agreement, on or about September 14, 2018, a UCC Financing Statement ("Statement") was filed with the Texas Secretary of State. *See Statement attached as Exhibit "F."*

17. The Statements contain that following collateral and assets (hereinafter "Assets") of Defendants:

**Patents and Patent Applications**

* U.S. Patent No. 9,707,471 entitled Display for a Pinball Game
* U.S. Design Patent No. 689,557 entitled Pinball Machine Cabinet
* U.S. Patent Application Serial No. 14/503,782, Pinball Game Truss System, filed October 1, 2014 and published as 2015/0091250

**Trademarks**

* Trademark Reg. No. 4,606,017
* Trademark Reg. No. 4,405,895

All Intellectual Property related to the Pinball Games as defined herein:

* Pinball Games shall include the games entitled Magic Girl, Retro Atomic Zombie Adventureland; Alice in Wonderland

* Intellectual Property means any and all rights in, arising out of, or associated with any of the following in any jurisdiction throughout the world:

* issued patents and patent applications (whether provisional or nonprovisional), including divisionals, continuations, continuations-inpart, substitutions, reissues, reexaminations, extensions, or restorations of any of the foregoing, and other Governmental Authority-issued indicia of invention ownership (including certificates of invention, petty patents, and patent utility models);

* trademarks, service marks, brands, certification marks, logos, trade dress, trade names, and other similar indicia of source or origin, together with the goodwill connected with the use of and symbolized by, and all registrations, applications for registration, and renewals of, any of the foregoing;

* copyrights and works of authorship, whether or not copyrightable, and all

 registrations, applications for registration, and renewals of any of the foregoing;

* internet domain names, all associated web addresses, URLs, websites and web pages, social media sites and pages, and all content and data thereon or relating thereto;

* mask works, and all registrations, applications for registration, and renewals thereof;

* industrial designs, and all patents, registrations, applications for registration, and renewals therefor;

* trade secrets, know-how, inventions (whether or not patentable), discoveries, improvements, technology, business and technical information, databases, data compilations and collections, tools, methods, processes, techniques, and other confidential and proprietary information and all rights therein that are not subject to a non-disclosure agreement;

* computer programs, operating systems, applications, firmware and other code, including all source code, object code, application programming interfaces, data files, databases, protocols, specifications, and other documentation thereof; and

* rights of publicity for Debtors; and

* all other intellectual or industrial property and proprietary rights.

18. On or about September 17, 2018, Statement was filed with the Illinois Secretary of State. *See Illinois UCC search results attached as Exhibit "G."*

19. Patent No.: US 9,707,471 B2, included in the collateral is dated July 18, 2017. *See Patent No.: US 9,707,471 B2 attached as Exhibit "H."*

20. As such, the Defendants have sold and/or transferred ownership of valuable assets while prohibited as a result of the Citation.

21. Furthermore, Robert Mueller, agent of deeproot Tech, LLC. knew of the Citation proceedings and was aware that Defendants had a Judgment entered against them which would give the Plaintiffs "rights" to Defendants assets.

22. Finally, on or about November 14, 2019, This Week in Pinball published an article showcasing the first-look of Retro Atomic Zombie Adverntureland, one of the four (4) pinball machines Plaintiffs gave deposits or paid in full and never received. *See This Week in Pinball attached as Exhibit "I."*

23. In the article, Defendant states he met Robert Mueller around 2011, well before the filing of this lawsuit, the judgment entered, and the subsequent filings including the Citations.

24. As seen from the above, Defendants, while under Citation proceedings, sold/transferred asset to Robert Mueller who at the same time verified Court pleadings stating he did not have knowledge of Defendants and/or did not have any business transactions in Illinois.

25. Coincidentally, Plaintiffs' filed it Emergency Motion for Temporary Restraining Order and were scheduled, pursuant to Court Order, to examine the several storage lockers Defendant failed to disclose when Defendant, and his business, filed for Chapter 7 Bankruptcy protection resulting in the immediate stay of all proceedings.

26. Furthermore, Defendant's bankruptcy filings, both personal and business, were filed by the same firm used by Deeproot Pinball, LLC. to quash its [*Deeproot Pinball, LLC.'s*] third-party citation and subsequently represented Defendant after withdrawal of his attorney. This only further evidences that both Defendant and his counsel knew of the proceedings, judgment, citation, and security agreement all relating to 2015 M1 110181.

## COUNT I
## OBJECTION TO DISCHARGE PURSUANT TO (523(a)(2)(A))

27. Plaintiff re-alleges and incorporates by references Paragraphs 1 through 26 above as its Paragraph 27 of Count I as though fully plead herein.

28. The Judgment against Defendant establishes that he obtained funds under false

5

pretenses, a false representation, or actual fraud.

29.    Since Defendant obtained funds under false pretenses, a false representation, or actual fraud, he should be denied discharge as to the debts owed Ramirez pursuant to 523(a)(2)(A).

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an order finding that Defendant's wrongful actions constitute grounds for the Court to declare the debts to Plaintiff non-dischargeable.

## COUNT II
## OBJECTION TO DISCHARGE PURSUANT TO (523(a)(6))

30.    Plaintiff re-alleges and incorporates by references Paragraphs 1 through 29 above as its Paragraph 30 of Count II as though fully plead herein.

31.    The Judgment for conversion against Defendant establishes that the Defendant has caused willful and malicious injury to Plaintiffs.

32.    By failing and refusing to return monies paid by Plaintiffs under the Agreement, Defendant has caused willful and malicious injury to Plaintiff.

33.    Accordingly, pursuant to 523(a)(6), Defendant should be denied discharge as to the debts owed Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an order finding that Defendant's wrongful actions constitute grounds for the Court to declare the debts to Plaintiff non-dischargeable.

## COUNT III
## FAILURE TO DISCLOSE TRANSFER OF ASSETS
## OBJECTION TO DISCHARGE PURSUANT TO 727(a)(2)

34.    Plaintiff re-alleges and incorporates by references Paragraphs 1 through 33 above

as its Paragraph 34 of Count III as though fully plead herein.

35. Despite owning and selling the Assets within two years of the Petition Date, the Defendant failed to disclose any information in his petition and statement of financial affairs ("SOFA") as follows:

    a) No information in SOFA #18 regarding any transfer of any property.

36. Defendant has engaged in a continuing course of actions which have concealed, transferred or removed his income and assets, and which Debtor intended to hinder, delay and defraud Plaintiffs up to and including the present by failing to disclose any transfers in his petition, schedules and SOFA.

37. By reason of the foregoing, Defendant, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of Defendant, within two years of the filing of the petition and property of the estate, after the date of the filing of the petition.

**WHEREFORE**, Plaintiff prays for a judgment barring Defendant's discharge pursuant to §727(a)(2) and such other and further relief in Plaintiff's favor for which this Court deems just and fair.

### COUNT IV
### OBJECTION TO DISCHARGE PURSUANT TO 727(a)(3)

38. Plaintiff re-alleges and incorporates by references Paragraphs 1 through 37 above as its Paragraph 38 of Count IV as though fully plead herein.

39. Defendant through his own direction intentionally received or diverted substantial proceeds from the transfer of the assets.

40. Debtor intentionally arranged the proceeds to be paid to Deeproot Tech, LLC. to avoid creating records or documentation related to his income, expenses and assets.

41. Despite repeated requests from the Plaintiff, including but not limited to both Debtor Citations and Third-Party Citations, the Defendant never disclosed the relationship with Deeproot Tech, LLC. or the transfer of assets to Deeproot Tech, LLC.

42. By reason of the foregoing Defendant has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

**WHEREFORE**, Plaintiff prays for a judgment barring Defendant's discharge pursuant to §727(a)(3) and for such other and further relief in Plaintiff's favor for which this Court deems just and fair.

### COUNT V
### OBJECTION TO DISCHARGE PURSUANT TO 727(a)(4)(A) and (a)(4)(D)

43. Plaintiff re-alleges and incorporates by references Paragraphs 1 through 42 above as its Paragraph 43 of Count V as though fully plead herein.

44. Defendant's schedules, petition and SOFA are filed under oath.

45. Defendant has failed to file any amendments to his schedules, petition and SOFA.

46. Defendant's schedules, petition and SOFA are false as they fail to disclose the transfer of his assets.

47. The facts misrepresented or omissions by Defendant described herein are material in that they are related to Defendant's income, assets and property.

48. The Defendant knew or should have known when he made all or some of the foregoing statements or omissions that they were false at the time they were made.

49. By reason of the foregoing, Defendant knowingly and fraudulently, in or in connection with the case made a false oath or account, and withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the Defendant's property or financial affairs.

**WHEREFORE**, Plaintiff prays for a judgment barring Defendant's discharge pursuant to §727(a)(4) and for such other and further relief in Plaintiff's favor for which this Court deems just and fair.

Respectfully Submitted,

ZANE D. SMITH & ASSOCIATES, LTD.
221 N. LaSalle St., Suite 1320
Chicago, Illinois 60601
(312) 245-0031
Zane@zanesmith.com