IN THE UNITED STATES BANKRUPTYC COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| John A. Popadiuk | ) | Case No. 19-33336 |
| | ) | |
| Debtor. | ) | |
| Kim Mitchell, Rommy Henley, Raphael Zilch, Edward Storozuk, Brian Sherman and Joe Newhart, | ) ) ) ) | Honorable Carol A. Doyle |
| Plaintiffs | ) ) ) | |
| v. | ) | Case No. 20-00024 |
| | ) | |
| John A. Popadiuk, indv. and d/b/a Zidware, Inc. | ) ) ) | |
| Defendant. | ) | |

**ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

John Popadiuk, by and through his attorneys, for his Answer to Complaint to Determine Dischargeability of Debt, hereby states as follows:

**PARTIES**

1. Plaintiffs, KIM MITCHELL; ROMMY HENLEY; RAPHAEL ZILCH; EDWARD STOROZUK; BRIAN SHERMAN; and JOE NEWHART (hereinafter "Plaintiff"), are individuals residing in the State of Illinois.  ROMMY HENLEY; RAPHAEL ZILCH; EDWARD STOROZUK; BRIAN SHERMAN; and JOE NEWHART are creditors in the above-captioned and consolidated bankruptcy case.

**ANSWER:**   Defendant admits the allegations set forth in Paragraph 1 of the Complaint.

2. Defendant, JOHN A. POPADIUK (hereinafter "Defendant"), is an individual who resides in the State of Illinois.  Defendant is a debtor in the above-captioned and consolidated bankruptcy case.

**ANSWER:**   Defendant admits the allegations set forth in Paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction of this complaint pursuant to 28 U.S.C. §§1334 and 157(b).

1

**ANSWER:**   Defendant admits the allegations set forth in Paragraph 3 of the Complaint.

4. The Northern District of Illinois is the proper venue for this Complaint pursuant to 28 U.S.C. 1409(a).

**ANSWER:**   Defendant admits the allegations set forth in Paragraph 4 of the Complaint.

5. This is a core proceeding pursuant to 28 UCS §157(b)(2)(I) arising out of the Chapter 7 case of In re John A. Popadiuk, No. 19-33336, United States Bankruptcy Court, Northern District of Illinois, Eastern Division (the "Bankruptcy").

**ANSWER:**   Defendant admits the allegations set forth in Paragraph 5 of the Complaint.

## FACTUAL BACKGROUND

6. On or about May 7, 2015, Plaintiffs filed their Complaint against Defendant for willful, wanton and malicious conduct and breach of contract. *See Third-Amended Complaint filed September 22, 2015 attached as Exhibit "A."*

**ANSWER:**   Defendant admits that the complaint attached as Exhibit A was filed on September 22, 2015 and admits the Plaintiffs were some of the plaintiffs in that case.

7. On or about April 30, 2018, after extensive discovery and bench-trial, a judgment was entered against JOHN A. POPADIUK, indv. and d/b/a ZIDWARE, INC. and ZIDWARE, INC.. an Illinois Corporation. *See Judgment attached as Exhibit "B."*

**ANSWER:**   Defendant admits that a judgment was entered against John A. Popadiuk, individually and against Zidware, Inc. Defendant denies the remaining allegations set forth in Paragraph 7 and affirmatively states that the judgment was not entered against John A. Popadiuk d/b/a Zidware, Inc. and further affirmatively states that Zidware, Inc. is an Illinois Corporation and not the d/b/a of John Popadiuk.

8. On or about June 16, 2018, a Citation to Discover Assets was issued and served on Defendant. *See Citation and Affidavit of Service attached as Exhibit "C."*

**ANSWER:**   Defendant admits that the Citation was served on or about June 16, 2018. Defendant denies the remaining allegations set forth in Paragraph 8.

9. On or about June 16, 2018, a Third-Party Citation to Discover Assets was issued and served on Deeproot Pinaball, LLC. *See Citation and Affidavit of Service attached as Exhibit "D."*

**ANSWER:** Defendant admits that the Third-Party Citation was issues on June 16, 2018. Defendant is without sufficient knowledge to admit or deny the remaining allegations set forth in Paragraph 9 and therefore denies same.

10. On or about July 10, 2018, Deeproot Pinball, LLC. Filed its Motion to Quash for lack of jurisdiction and attached an Affidavit of Robert Mueller. *See Affidavit attached as Exhibit "E."*

**ANSWER:** Defendant admits that the Motion to Quash was drafted and included an affidavit of Robert Mueller. Defendant is without sufficient knowledge to admit or deny the remaining allegations set forth in Paragraph 10 and therefore denies same.

11. During this time, the Citation issued and served on Defendant had not been dismissed.

**ANSWER:** Defendant admits the allegations set forth in Paragraph 11.

12. On or about September 11, 2018, Defendant and Robert Muelller on behalf of deeproot Tech, LLC, executed a Security Agreement [SECURITY AGREEMENT TO BE PRODUCED FOR IN-CAMERA INSPECTION].

**ANSWER:** Defendant admits the allegations set forth in Paragraph 12.

13. The Security Agreement attests to the following "Debtors…Secured Property…free and clear of any liens."

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 13 and therefore denies same.

14. The Security Agreement also attests to "No third party has a contractual right to required Debtors to transfer any Secured Property."

**ANSWER:** Defendant denies the allegations set forth in Paragraph 14. Defendant states that the Security Agreement contains a statement that reads "No third party has a contractual right to require Debtors to transfer any Secured Property.

15. Finally, within the Security Agreement, both Defendants and Robert Mueller agree that Secured Property is valued at $50,000.00.

**ANSWER:** Defendant admits that the parties to the Security Agreement agreed that the secured property was valued at $50,000.00. Defendant denies the remaining allegations set forth in Paragraph 15.

16. As a result of the executed Security Agreement, on or about September 14, 2018, a UCC Financing Statement ("Statement") was filed with the Texas Secretary of State. See Statement attached as Exhibit "F."

**ANSWER:** Defendant admits that the UCC Financing Statement was filed on or about September 14, 2018. Defendant is without sufficient knowledge to admit or deny the remaining allegations set forth in Paragraph 16 and therefore denies same.

17. The Statements contain that following collateral and assets (hereinafter "Assets") of Defendants:

<b><u>Patents and Patent Applications</u></b>

* U.S. Patent No. 9,707,471 entitled Display for a Pinball Game
* U.S. Design Patent No. 689,557 entitled Pinball Machine Cabinet
* U.S. Patent Application Serial No. 14/503,7782, Pinball Game Truss System, filed October 1, 2014 and published as 2015/0091250

**<u>Trademarks</u>**
* Trademark Reg. No. 4,606,017
* Trademark Reg. No. 4,405,895

All Intellectual Property related to the Pinball Games as defined herein:

* Pinball Games shall include the games entitled Magic Girl, Retro Atomic Zombie Adventureland; Alice in Wonderland
* Intellectual Property means any and all rights in, arising out of, or associated with any of the following in any jurisdiction throughout the world:
* Issued patents and patent applications (whether provisional or nonprovisional), including divisionals, continuations, continuations-inpart, substitutions, reissues, reexaminations, extensions, or restorations of any of the foregoing, and other Governmental Authority-issued indicia of invention ownership (including certificates of invention, petty patents, and patent utility models);

* trademarks, service marks, brands, certification marks, logos, trade dress, trade names, and other similar indicia of source or origin, together with the goodwill connected with the use of and symbolized by, and all registrations, applications for registration, and renewals of, any of the foregoing;
* copyrights and works of authorship, whether or not copyrightable, and all registrations, applications for registration, and renewals of any of the foregoing:
* internet domain names, all associated web addresses, URLs, websites and web pages, social media sites and pages, and all content and data thereon or relating thereto;
* mask works, and all registrations, applications for registration, and renewals thereof;
* trade secrets, know-how, inventions (whether or not patentable), discoveries, improvements, technology, business and technical information, databases, data compilations and collections, tools, methods, processes, techniques, and other confidential and proprietary information and all rights therein that are not subject to a non-disclosure agreement;
* computer programs, operating systems, applications, firmware and other code, including all source code, object code, application programming interfaces, data files, databases, protocols, specifications, and other documentation thereof;  and
* rights of publicity for Debtors;  and
* all other intellectual or industrial property and proprietary rights.

**ANSWER:**    Defendant admits that Paragraph 17 correctly recites the listing of collateral in the UCC Statement.

18. On or about September 17, 2018, Statement was filed with the Illinois Secretary of State. *See Illinois UCC search results attached as Exhibit "G."*

**ANSWER:**    Defendant admits that the UCC search attached as Exhibit G lists a UCC Statement being filed with the Illinois Secretary of State.  Defendant is without sufficient knowledge to admit or deny the remaining allegations set forth in Paragraph 18 and therefore denies same.

19. Patent No.: US 9,707,471 B2, included in the collateral is dated July 18, 2017.  *See Patent No.:  US 9,707,471 B2 attached as Exhibit "H."*

**ANSWER:**    Defendant admits the allegations set forth in Paragraph 19.

20. As such, the Defendants have sold and/or transferred ownership of valuable assets while prohibited as a result of the Citation.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 20.

21. Furthermore, Robert Mueller, agent of deeproot Tech, LLC. knew of the Citation proceedings and was aware that Defendants had a Judgment entered against them which would give the Plaintiffs "rights" to Defendants assets.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 21 and therefore denies same.

*22.* Finally, on or about November 14, 2019, This Week in Pinball published an article showcasing the first-look of Retro Atomic Zombie Adventureland, one of the four (4) pinball machines Plaintiffs gave deposits or paid in full and never received. *See This Week in Pinball attached as Exhibit "I."*

**ANSWER:** Defendant admits that the article attached as Exhibit I states that it was published on November 14, 2019 .

23. In the article, Defendant states he met Robert Mueller around 2011, well before the filing of this lawsuit, the judgment entered, and the subsequent filings including the Citations.

**ANSWER:** Defendant denies the allegations set forth in paragraph 23.

24. As seen from the above, Defendants, while under Citation proceedings, sold/transferred asset to Robert Mueller who at the same time verified Court pleadings stating he did not have knowledge of Defendants and/or did not have any business transactions in Illinois.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 24.

25. Coincidentally, Plaintiffs' filed it Emergency Motion for Temporary Restraining Order and were scheduled, pursuant to Court Order, to examine the several storage lockers Defendant failed to disclose when Defendant, and his business, filed for Chapter 7 Bankruptcy protection resulting in the immediate stay of all proceedings.

**ANSWER:** Defendant admits that an Emergency Motion for Temporary Restraining Order was filed and that an examination of storage lockers was scheduled around the time that the Defendant and Zidware, Inc. filed their Chapter 7 cases. Defendant denies the remaining allegations set forth in Paragraph 25 and therefore denies same.

26. Furthermore, Defendant's bankruptcy filings, both personal and business, were filed by the same firm used by Deeproot Pinball, LLC. to quash its [Deeproot Pinball, LLC.'s] third-party citation and subsequently represented Defendant after withdrawal of his attorney. This only further evidences that both Defendant and his counsel knew of the proceedings, judgment, citation, and security agreement all relating to 2015 M1 110181.

**ANSWER:**   Defendant denies the allegations set forth in Paragraph 26.

## COUNT I
## OBJECTION TO DISCHARGE PURSUANT TO (523(a)(2)(A))

27. Plaintiff re-alleges and incorporates by references Paragraphs 1 through 26 above as its Paragraph 27 of Count I as thought fully plead herein.

**ANSWER:**   Defendant re-asserts and incorporates his answers to Paragraphs 1 through 26 as if set forth herein as his answer to Paragraph 27.

28. The Judgment against Defendant establishes that he obtained funds under false pretenses, a false representation, or actual fraud.

**ANSWER:**   Defendant denies the allegations set forth in Paragraph 28.

29. Since Defendant obtained funds under false pretenses, a false representation, or actual fraud, he should be denied discharge as to the debts owed Ramirez pursuant to 523(a)(2)(A).

**ANSWER:**   Defendant denies the allegations set forth in Paragraph 29.

WHEREFORE, the Defendant, John A. Popadiuk, prays this Court enter judgment in favor of the Defendant on Count I of the Complaint and granting such other and further relief as the Court deems just.

## AFFIRMATIVE DEFENSE

1. After the trial in the case of John Gilbody et al v. John A. Popadiuk, Case No. 2015 M1 110181, the case referenced by the Plaintiff in the Complaint, the Court issued its ruling (The "Ruling").

2. In the ruling, the court entered a judgment based on a breach of contract.

3. In the ruling, the court specifically found against the plaintiffs, which include the Plaintiffs in the case, and in favor of the Defendant on the count in the complaint that was based on fraud.

7

4. In its ruling, the court stated "…poor business decisions do not amount to fraud; and, for that reason, there will be a directed finding as to the fraud count."

5. The Plaintiff is barred by *res judicata* from relitigating the allegations in Count I after the court that held the trial in state court found no fraud and simply a breach of contract based on the same facts.

WHEREFORE, the Defendant, John A. Popadiuk, prays this Court enter judgment in favor of the Defendant on Count I of the Complaint and granting such other and further relief as the Court deems just.

## COUNT II
## OBJECTION TO DISCHARGE PURSUANT TO (523(a)(6))

30. Plaintiff re-alleges and incorporates by references Paragraphs 1 through 29 above as its Paragraph 30 of Count II as thought fully plead herein.

**ANSWER:**   Defendant re-asserts and incorporates his answers to Paragraphs 1 through 29 as if set forth herein as his answer to Paragraph 30.

31. The Judgment for conversion against Defendant establishes that the Defendant has caused willful and malicious injury to Plaintiffs.

**ANSWER:**   Defendant denies the allegations set forth in Paragraph 31.

32. By failing and refusing to return monies paid by Plaintiffs under the Agreement, Defendant has caused willful and malicious injury to Plaintiff.

**ANSWER:**   Defendant denies the allegations set forth in Paragraph 32.

33. Accordingly, pursuant to 523(a)(6), Defendant should be denied discharge as to the debts owed Plaintiff.

**ANSWER:**   Defendant denies the allegations set forth in Paragraph 33.

WHEREFORE, the Defendant, John A. Popadiuk, prays this Court enter judgment in favor of the Defendant on Count II of the Complaint and granting such other and further relief as the Court deems just.

### AFFIRMATIVE DEFENSE

1. After the trial in the case of John Gilbody et al v. John A. Popadiuk, Case No. 2015 M1 110181, the case referenced by the Plaintiff in the Complaint, the Court issued its ruling (The "Ruling").

2. In the ruling, the court entered a judgment based on a breach of contract.

3. In the ruling, the court specifically found against the plaintiffs, which include the Plaintiffs in the case, and in favor of the Defendant on the count in the complaint that was based on fraud.

4. In its ruling, the court stated "…poor business decisions do not amount to fraud; and, for that reason, there will be a directed finding as to the fraud count."

5. The Plaintiff is barred by *res judicata* from relitigating the allegations in Count I after the court that held the trial in state court found no fraud and simply a breach of contract based on the same facts.

WHEREFORE, the Defendant, John A. Popadiuk, prays this Court enter judgment in favor of the Defendant on Count II of the Complaint and granting such other and further relief as the Court deems just.

### COUNT III
### FAILURE TO DISCLOSE TRANSFER OF ASSETS
### OBJECTION TO DISCHARGE PURSUANT TO 727(A)(2)

34. Plaintiff re-alleges and incorporates by references Paragraphs 1 through 33 above as its Paragraph 34 of Count III as thought fully plead herein.

9

**ANSWER:** Defendant re-asserts and incorporates his answers to Paragraphs 1 through 33 as if set forth herein as his answer to Paragraph 34.

35. Despite owning and selling the Assets within two years of the Petition Date, the Defendant failed to disclose any information in his petition and statement of financial affairs ("SOFA") as follows:

    a) No information in SOFA #18 regarding any transfer of any property.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 35.

36. Defendant has engaged in a continuing course of actions which have concealed, transferred or removed his income and assets, and which Debtor intended to hinder, delay and defraud Plaintiffs up to and including the present by failing to disclose any transfers in his petition, schedules and SOFA.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 36.

37. By reason of the foregoing, Defendant, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of Defendant, within two years of the filing of the petition and property of the estate, after the date of the filing of the petition.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 37.

WHEREFORE, the Defendant, John A. Popadiuk, prays this Court enter judgment in favor of the Defendant on Count III of the Complaint and granting such other and further relief as the Court deems just.

## COUNT IV
## OBJECTION TO DISCHARGE PURSUANT TO 727(A)(3)

38. Plaintiff re-alleges and incorporates by references Paragraphs 1 through 37 above as its Paragraph 38 of Count IV as thought fully plead herein.

**ANSWER:** Defendant re-asserts and incorporates his answers to Paragraphs 1 through 37 as if set forth herein as his answer to Paragraph 38.

39. Defendant through his own direction intentionally received or diverted substantial proceeds from the transfer of the assets.

**ANSWER:**   Defendant denies the allegations set forth in Paragraph 39.

40. Debtor intentionally arranged the proceeds to be paid to Deeproot Tech, LLC to avoid creating records or documentation related to his income, expenses and assets.

**ANSWER:**   Defendant denies the allegations set forth in Paragraph 40.

41. Despite repeated requests from the Plaintiff, including but not limited to both Debtor Citations and Third-Party Citations, the Defendant never disclosed the relationship with Deeproot Tech, LLC, or the transfer of assets to Deeproot Tech, LLC.

**ANSWER:**   Defendant denies the allegations set forth in Paragraph 41.

42. By reason of the foregoing Defendant has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

**ANSWER:**   Defendant denies the allegations set forth in Paragraph 42.

WHEREFORE, the Defendant, John A. Popadiuk, prays this Court enter judgment in favor of the Defendant on Count IV of the Complaint and granting such other and further relief as the Court deems just.

## COUNT V
## OBJECTION TO DISCHARGE PURSUANT TO 727(a)(4)(A) and (a)(4)(D)

43. Plaintiff re-alleges and incorporates by references Paragraphs 1 through 42 above as its Paragraph 43 of Count V as thought fully plead herein.

**ANSWER:**   Defendant re-asserts and incorporates his answers to Paragraphs 1 through 42 as if set forth herein as his answer to Paragraph 43.

44. Defendant's schedules, petition and SOFA are filed under oath.

**ANSWER:**   Defendant admits the allegations set forth in Paragraph 44

45. Defendant has failed to file any amendments to his schedules, petition and SOFA.

**ANSWER:** Defendant admits that the Defendant has not filed any amendments to the petition schedules or statement of financial affairs.

46. Defendant's schedules, petition and SOFA are false as they fail to disclose the transfer of his assets.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 46 and affirmatively states no assets were transferred.

47. The facts misrepresented or omissions by Defendant described herein are material in that they are related to Defendant's income, assets and property.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 47.

48. The Defendant knew or should have known when he made all or some of the foregoing statements or omissions that they were false at the time they were made.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 48.

49. By reason of the foregoing, Defendant knowingly and fraudulently, in or in connection with the case made a false oath or account, and withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the Defendant's property or financial affairs.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 49.

WHEREFORE, the Defendant, John A. Popadiuk, prays this Court enter judgment in favor of the Defendant on Count V of the Complaint and granting such other and further relief as the Court deems just.

    John A. Popadiuk, Defendant,

    By: /s/ Jeffrey C. Dan
       One of His Attorneys

**Counsel to Defendant**
Jeffrey C. Dan (Atty No. 6242750)
Goldstein & McClintock
111. W. Washington, Suite 1221
Chicago, IL 60602
(312) 219-6702
jeffd@goldmclaw.com