# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTH DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| John A. Popadiuk, | ) | Adversary No.: 20-00024 |
| | ) | |
| Debtor, | ) | Hon. Carol P. Doyle |
| | ) | |
| Kim Mitchell, Rommy Henley, | ) | |
| Raphael Zilch; Edward Storozuk, | ) | Bankruptcy Case No. 19-33336 |
| Brian Sherman; and Joe Newhart | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| John A Popadiuk, individually and d/b/a, | ) | |
| Zidware, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**Notice of Motion**

TO: Jeffrey Dan

PLEASE TAKE NOTICE that on September 23, 2021, at 10:30 a.m., I will appear before the Honorable Carol A. Doyle, or any judge sitting in that judge's place, and present the Motion of the Plaintiffs to Extend Discovery Cutoff, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828- 7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is **161 155 8289** and the password is **Doyle742**. The meeting ID and password can also be found on the judge's page on the court's web site. If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a

Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

        **Kim Mitchell, Rommy Henley, Raphael Zilch, Edward Storozuk, Brian Sherman, and Joe Newhart**

By: /s/<u>Bert Zaczek</u>
One of Plaintiffs' attorneys
T: 312-527-1090
E: bert@bzlegal.net

## Certificate of Service

I, Bert Zaczek, certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on September 16, 2021.

Bert Zaczek/Amy Pikarsky
311 N. Aberdeen St.
Suite 200-D
Chicago, IL  60607
T: 312-527-1090
bert@bzlegal.net
amy@bzlegal.net

Zane D. Smith & Associates, Ltd.
221 N. LaSalle St., Suite 1320
Chicago, IL 60601
T: 312-245-0031
Zane@zanesmith.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTH DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| John A. Popadiuk, | ) | Adversary No.: 20-00024 |
| | ) | |
| Debtor, | ) | Hon. Carol P. Doyle |
| | ) | |
| Kim Mitchell, Rommy Henley, | ) | |
| Raphael Zilch; Edward Storozuk, | ) | Bankruptcy Case No. 19-33336 |
| Brian Sherman; and Joe Newhart | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| John A Popadiuk, individually and d/b/a, | ) | |
| Zidware, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**Plaintiffs' Motion to Extend Discovery Cutoff**

The Plaintiffs, Kim Mitchell, Rommy Henley, Raphael Zilch, Edward Storozuk, Brian Sherman, and Joe Newhart ("Plaintiffs"), by their attorneys, Bert Zaczek, Amy, Pikarsky, and Zane D. Smith & Associates, Ltd. state for their Motion to Extend Discovery Cutoff:

**Relief Requested**

The Plaintiffs seek to keep discovery open an additional 45 days from presentment of this Motion so they can conduct non-party discovery of the Defendant's employer following the Defendant's deposition on September 10, 2021, and his production of a critical document on September 15, 2021, that does not appear to have been produced previously in this case. The document supposedly memorializes an oral agreement 19 months earlier whereby the Defendant licensed his intellectual property including patents and trademarks for the

production of certain pinball machines to a company that now employs him. His employer is deeproot Tech, LLC in Texas.

## Argument

1. Discovery is set to close on September 16, 2021, the day this Motion is being filed. ECF No. 39. It was initially set to close on various other dates but was extended because the Defendant had not yet supplied discovery responses, and because both sides ran into problems scheduling the Defendant's deposition.

2. On June 12, 2021, the Defendant finally provided written discovery responses.

3. The Defendants' deposition occurred on September 10, 2021.

4. During his deposition, the Defendant referenced a written document whereby he supposedly memorialized an earlier oral agreement to license intellectual property he owned, and which is used in the production of certain pinball machines. At the time of the deposition, it appears that the document had not been previously produced in this case.

5. On September 15, 2021, the Defendant then produced the document, *i.e.*, the day before discovery was set to close. The document purports to memorialize an earlier, oral agreement whereby the Defendant gave a company that initially hired him as a contractor and which now employs him an exclusive, worldwide license to the Defendant's intellectual property including patents and trademarks.

6. Although the Defendant answered questions at his deposition about the unproduced memorialization document, he did not know certain things such as the value of what he received in exchange. *E.g.*, he thought someone was paying his legal fees for this case and the case that had been filed in the Circuit Court of Cook County, Illinois, which resulted in a judgment against him and his company, Zidware, which also filed for bankruptcy. But he

2

didn't know how much had been paid, and he didn't know the full extent or scope of the agreement.

7. It also seems that at least one of his answers about the memorialization document was inaccurate on a material subject. He said he was not entitled to royalty payments for his intellectual property. But the document says otherwise – it says he is entitled to royalty payments for each pinball machine sold that uses his intellectual property (although his employer might be entitled to offsets for something that is not understood at this time).

8. The combination of: (i) not having the so-called memorialization document until September 15, 2021; (ii) the Defendant's uncertainty about important facts related to it; and (iii) his answers that seem to be contradicted by the document necessitate discovery from his employer, the other party to the so-called memorialization, necessitate discovery of the other party to the agreement – his employer. The gist of the Plaintiffs' Adversary case is that the Defendant transferred valuable intellectual property for inadequate consideration at a time he was insolvent[1].

9. Extending the discovery deadline would also allow the parties time to discuss and try to resolve the Defendant's refusal to answer how much he earned from deeproot. The Defendant declined to answer questions about his pay because he's subject to a Non-Disclosure Agreement (He said the pinball industry is extremely competitive and he does not want to run afoul of his contractual obligation. His sincerity is not in dispute). It is not possible to identify his earnings from deeproot from the records he produced because for at least two of the years (when the alleged oral licensing agreement was in place), he worked as

---

[1] The existence of the document that supposedly memorializes an earlier, oral agreement from 19 months earlier about something as important as an exclusive license for intellectual property when threatened with a collection in a state court proceeding makes the whole scenario seem more suspicious form the Plaintiff's perspectiv

3

an independent contractor for deeproot and also worked for other companies. Although the parties' attorneys discussed this during the Defendant's deposition, it occurred just six days before the discovery cutoff, and the Plaintiffs' attempts to set a meet and confer have not yet been responded to.

    **Wherefore**, the Plaintiffs, Kim Mitchell, Rommy Henley, Raphael Zilch, Edward Storozuk, Brian Sherman, and Joe Newhart, request that discovery be extended until through November 8, 2021, *i.e.*, 45 days from the date of presentment of this motion.

    Respectfully submitted,

    **Kim Mitchell, Rommy Henley, Raphael Zilch, Edward Storozuk, Brian Sherman, and Joe Newhart**

    By:    /s/<u>Bert Zaczek</u>
              One of Plaintiffs' attorneys

Bert Zaczek/Amy Pikarsky
311 N. Aberdeen St.
Suite 200-D
Chicago, IL  60607
T: 312-527-1090
bert@bzlegal.net
amy@bzlegal.net

Zane D. Smith & Associates, Ltd.
221 N. LaSalle St., Suite 1320
Chicago, IL 60601
T: 312-245-0031
Zane@zanesmith.com

4