# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTH DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| John A. Popadiuk, | ) | Adversary No.: 20-00024 |
| | ) | |
| Debtor, | ) | Hon. Carol P. Doyle |
| | ) | |
| Kim Mitchell, Rommy Henley, | ) | |
| Raphael Zilch; Edward Storozuk, | ) | Bankruptcy Case No. 19-33336 |
| Brian Sherman; and Joe Newhart | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| John A Popadiuk, individually and d/b/a, | ) | |
| Zidware, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**Notice of Motion**

TO: Jeffrey Dan

PLEASE TAKE NOTICE that on January 6, 2022, at 10:30 a.m., I will appear before the Honorable Carol A. Doyle, or any judge sitting in that judge's place, and present the Motion of the Plaintiffs to Extend Discovery Cutoff, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828- 7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is **161 155 8289** and the password is **Doyle742**. The meeting ID and password can also be found on the judge's page on the court's web site. If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a

Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

**Kim Mitchell, Rommy Henley, Raphael Zilch, Edward Storozuk, Brian Sherman, and Joe Newhart**

By:   /s/<u>Bert Zaczek</u>
One of Plaintiffs' attorneys
T: 312-527-1090
E: bert@bzlegal.net

**Certificate of Service**

I, Bert Zaczek, certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on December 15, 2021.

Bert Zaczek/Amy Pikarsky
311 N. Aberdeen St.
Suite 200-D
Chicago, IL  60607
T: 312-527-1090
bert@bzlegal.net
amy@bzlegal.net

Zane D. Smith & Associates, Ltd.
221 N. LaSalle St., Suite 1320
Chicago, IL 60601
T: 312-245-0031
Zane@zanesmith.com

2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTH DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| John A. Popadiuk, | ) | Adversary No.: 20-00024 |
| | ) | |
| Debtor, | ) | Hon. Carol P. Doyle |
| | ) | |
| Kim Mitchell, Rommy Henley, | ) | |
| Raphael Zilch; Edward Storozuk, | ) | Bankruptcy Case No. 19-33336 |
| Brian Sherman; and Joe Newhart | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| John A Popadiuk, individually and d/b/a, | ) | |
| Zidware, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**Plaintiffs' Motion to Extend Discovery Cutoff**

The Plaintiffs, Kim Mitchell, Rommy Henley, Raphael Zilch, Edward Storozuk, Brian Sherman, and Joe Newhart ("Plaintiffs"), by their attorneys, Bert Zaczek, Amy, Pikarsky, and Zane D. Smith & Associates, Ltd. state for their Motion to Extend Discovery Cutoff:

**Relief Requested**

The Plaintiffs seek to keep discovery open an additional 21 days from presentment of this Motion so they can conduct non-party discovery of the Defendant's employer if necessary. Settlement seems imminent. If settlement falls apart, the discovery that would be needed is very limited. However, the non-party from whom discovery would be sought, the Defendant's employer, is expected to be uncooperative because it appears to have ceased operations while facing a fraud complaint from the Securities and Exchange Commission ("SEC").

## Argument

1. Discovery is set to close on December 15, 2021, the day this Motion is being filed. ECF No. 47. It was initially set to close on various other dates but was extended. The Plaintiffs have completed discovery of the Defendant with the exception of a small matter that could be addressed with the discovery of the non-party.

2. Meanwhile, a settlement agreement appears imminent. To finalize it, the Plaintiffs need to see the property that the Defendant offered to tender. It's located in a storage locker. Although the Defendant's storage bill is not yet fully paid, the storage company has nonetheless agreed to allow an inspection of the property provided the Defendant agrees to hold the storage company harmless for any damage caused by the inspection. The inspection is expected to occur on December 20, 2021 (if the Defendant's attorney agrees to the hold harmless term).

3. The Plaintiffs did not complete the non-party discovery because settlement appears imminent (obtaining access to the storage locker has been resolved since the last hearing), and the non-party's discovery compliance will likely require considerable work and, therefore, it would be preferable to avoid that path. The company, known as deeproot, was the Defendant's employer. It is located in Texas. The company furloughed the Defendant and other employees. Both the company and its principal are defending against claims from the SEC that accuse them of running a Ponzi-like scheme[1].

4. The discovery that would be sought if the settlement falls apart relates to the value of the patents that the Defendant assigned to deeproot prior to filing for bankruptcy, the

---

[1] A short story about the travails of deeproot and its principal can be read at
https://www.bizjournals.com/sanantonio/news/2021/08/25/sec-charges-mueller-deeproot.html

amount of the Defendant's legal fees in this case that deeproot paid, and the Defendant's income (the Defendant insists he couldn't answer that question in his deposition because of a non-disclosure agreement with deeproot). That information would be used to prove the alleged fraudulent transfer at issue in this case.

**Wherefore**, the Plaintiffs, Kim Mitchell, Rommy Henley, Raphael Zilch, Edward Storozuk, Brian Sherman, and Joe Newhart, request that discovery be extended until through January 27, 2022, *i.e.*, 21 days from the date of presentment of this motion.

        Respectfully submitted,

        **Kim Mitchell, Rommy Henley, Raphael Zilch, Edward Storozuk, Brian Sherman, and Joe Newhart**

By:   /s/<u>Bert Zaczek</u>
       One of Plaintiffs' attorneys

Bert Zaczek/Amy Pikarsky
311 N. Aberdeen St.
Suite 200-D
Chicago, IL 60607
T: 312-527-1090
bert@bzlegal.net
amy@bzlegal.net

Zane D. Smith & Associates, Ltd.
221 N. LaSalle St., Suite 1320
Chicago, IL 60601
T: 312-245-0031
Zane@zanesmith.com

3